UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-60125-CIV-COOKE/BANDSTRA

CRYSTAL ENTERTAINMENT &
FILMWORKS, INC., *et al.*,

    Plaintiffs,

v.

JEANETTE JURADO, *et al.*,

    Defendants,

_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE**

    This matter is before me on Defendants' motion to dismiss for improper venue [D.E. 21]. For the reasons stated below, the motion to dismiss is denied.

*I. BACKGROUND*

    Crystal Entertainment & Filmworks, Inc. and Crystal Entertainment & Filmworks II, Inc. (collectively "Plaintiffs"), two Florida corporations, commenced this action on January 29, 2008 in the Southern District of Florida against Jeanette Jurado, Ann Curless Weiss, Gioia Bruno, Kelly Moneymaker, Paradise Artists Inc., and Walking Distance Entertainment, LLC (collectively "Defendants"), for trademark infringement, unfair competition, violations of the Anti-Cybersquatting Consumer Protection Act, violations of the Florida Deceptive and Unfair Trade Practices Act, breach of contract, and a constructive trust under Florida law.

    Defendants move for dismissal for improper venue or, in the alternative, to transfer for

improper venue pursuant to 28 U.S.C. §1406(a) to the U.S. District Court in Las Vegas, Nevada or, in the alternative, to transfer for convenience pursuant to 28 U.S.C. §1404(a). Defendants allege that the venue is improper and inconvenient because the Defendants do not reside in Florida. They also point out that the complaint does not allege that events or omissions occurred here.

Plaintiffs argue that the parties contracted for venue. Plaintiffs' complaint alleges a breach of contract by Defendants relative to the performance and use of a trademark pursuant to a Trademark Licensing Agreement ("TLA"), which states in §23:

> **Governing Law**: This agreement shall be construed in accordance with and governed by the law of the State of Florida applicable to agreements to be wholly performed therein and without reference to the Florida's conflict of law principles. The parties agree to submit all disputes arising hereunder to the courts situated in Miami, Florida and not otherwise. No party hereto shall contest the jurisdiction of the courts situated in Miami, Florida.

Plaintiffs further argue that, notwithstanding the language of the TLA, venue remains proper in the Southern District of Florida because Defendants advertise their services on the Internet and performed in small concert venues in both Fort Lauderdale and Miami as part of a national tour contemplated by the TLA. Plaintiffs also contend that the transfer is not warranted because Defendants have not demonstrated that convenience favors any party.

In response, Defendants argue that the language of the forum selection clause is permissive, not mandatory, and therefore the choice of forum should be balanced against a number of countervailing factors including the convenience of witnesses, fairness, and the interest of justice.

## II. LEGAL STANDARD

### A. Motion to Dismiss or Transfer for Improper Venue

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division

in which it could have been brought." 28 U.S.C. §1406(a). However, a valid forum-selection clause should be given full effect, unless circumstances would make it unreasonable for a court to enforce the forum selection clause. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S.1, 12-14 (1972); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1291-1292 (11th Cir. 1998); *Woods v. Christensen Shipyards, Ltd.*, 2006 WL 4680499, at *2 (S.D. Fla. 2006).

### B. Motion to Transfer for Inconvenience

"A district court may transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses." 28 U.S.C. §1404(a). For that purpose, courts shall consider a number of potential factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system. *Carrizosa v. Chiquita Brands Int'l, Inc.*, 2007 WL 3458987, at *2 (S.D. Fla. Nov. 14, 2007). "However, '[t]he plaintiff's choice of forum should not be disturbed unless it is *clearly outweighed* by other considerations.'" *Id.* (*citing Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)).

Moreover, a valid forum-selection agreement may be treated as a waiver by the moving party of its right to assert its own convenience as a factor favoring a transfer from the agreed upon forum or as one element to be considered in weighing the interest of justice. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 758 n. 7 (3d Cir. 1973).

## III. DISCUSSION

### A. Motion to Dismiss or Transfer for Improper Venue

In the case before me, the TLA clause states:

The parties agree to submit all disputes arising hereunder to the courts situated in Miami, Florida *and not otherwise*.

Whereas the language "the parties agree to submit all disputes" refers merely to a consent of the parties to a specific jurisdiction, the addition of "and not otherwise" clearly mandates that the courts of Miami, Florida shall be the exclusive jurisdiction. By agreeing to the mandatory language of this clause, Defendants have agreed to litigate only in Miami, Florida. A mandatory clause "dictates an exclusive forum for litigation under the contract." *See Global Satellite Communication Co. v. Starmill U.K. Ltd*, 378 F.3d 1269, 1272 (11th Cir. 2004).

The forum selection clause is therefore enforceable and binding unless circumstances would make it unreasonable for a court to enforce the forum selection clause. *Woods v. Christensen Shipyards, Ltd.*, 2006 WL 4680499, at *2 (S.D. Fla. 2006). Here, it would not be unreasonable to enforce a forum selection clause requiring litigation in Miami where only two out of the six Defendants are located in Nevada and both Plaintiffs and one of the other Defendants are located in Florida. Defendants have otherwise failed to demonstrate that the clause is unreasonable under the circumstances and should not be enforced.

Because I find that the forum selection clause mandates litigation in this district, I do not address Defendants arguments regarding improper venue.

### B. Motion to Transfer for Inconvenience

A transfer pursuant to 28 U.S.C. §1404(a) requires a court to weigh a series of factors. The first factor, the plaintiff's choice of forum, shall be given more weight. *Carrizosa v. Chiquita Brands*

4

*Int'l, Inc.*, 2007 WL 3458987, at *2. Regarding the second factor, Defendants have failed to demonstrate the inconvenience of the parties. As to the convenience of witnesses, the third factor, none of the witnesses cited (Helfant, Siegel, Noble, Eichler) live either in Nevada or Florida. With respect to the fourth factor, the location of documents and other sources of proof, Defendants have not alleged that there are documents or other sources of proof in this case that could not be easily transported to Miami. Even though the parties should be able to bear the expenses of changing the forum (the fifth factor), trial efficiency and expense to the justice system, the sixth factor, weigh in favor of the Florida forum, as a transfer is time-consuming and therefore costly to the justice system. In balancing all these factors, I conclude that Defendants have not met their burden in demonstrating that the facts warrant transfer pursuant to 28 U.S.C. §1404(a).

Moreover, Defendants' agreement to a valid and mandatory forum-selection clause may be treated as a waiver by the moving party of its right to assert its own convenience as a factor favoring a transfer from the agreed upon forum. *See e.g. Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 758 n. 7 (3d Cir. 1973).

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss [D.E. 21] is denied.

**DONE AND ORDERED** in Miami, Florida, this 20th day of November 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to Counsel of Record