UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 08-60125-Civ-COOKE/BROWN

CRYSTAL ENTERTAINMENT &
FILMWORKS, INC.,
a Florida corporation, and
CRYSTAL ENTERTAINMENT &
FILMWORKS II, INC.,
a Florida corporation,

    Plaintiffs,

vs.

JEANETTE JURADO, an individual,
ANN CURLESS WEISS, an individual,
GIOIA BRUNO, an individual,
KELLY MONEYMAKER, an individual,
and WALKING DISTANCE
ENTERTAINMENT, LLC,
a Nevada corporation,

    Defendants.
_____/

**DEFENDANTS, JEANETTE JURADO, ANN CURLESS WEISS, GIOIA BRUNO AND WALKING DISTANCE ENTERTAINMENT, LLC'S VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW**

    Defendants, Jeanette Jurado, Ann Curless Weiss, Gioia Bruno, and Walking Distance Entertainment, LLC (collectively, "Jurado Defendants"), through counsel and pursuant to S.D. Fla. L.R. 7.3, Fla. Stat. § 501.2105, and Fla. Stat. § 768.79, hereby move the Court for entry of an order taxing attorneys' fees and costs incurred in the defense of this action against Plaintiffs, Crystal Entertainment & Filmworks, Inc. and Crystal Entertainment & Filmworks, II Inc. ("Plaintiffs") and in support hereof, state as follows:

1. On January 29, 2008, Plaintiffs filed a five (5) count complaint against Jurado Defendants for: trademark infringement and unfair competition in violation of 15 U.S.C. § 1143(a); cyber piracy in violation of 15 U.S.C. § 1125(d); deceptive and unfair trade practices in violation of Fla. Stat. § 501.201-213; breach of contract; and constructive trust. [Doc. 1].

2. On April 2, 2008, Jurado Defendants moved for dismissal for lack of jurisdiction, or in the alternative, for a transfer of venue. [Doc. 21].

3. On May 23, 2008, Plaintiffs filed a Motion for Preliminary Injunction, with memorandum of law, seeking to enjoin Jurado Defendants from further use of the EXPOSÉ trademark. [Doc. 28]. Jurado Defendants filed a response [Doc. 31]; and Plaintiffs filed a reply. [Doc. 33].

4. On September 19, 2009, Jurado Defendants filed their Answer, Affirmative Defenses and Counterclaims. [Doc. 39]. In the Counterclaims, Jurado Defendants sought the rescission of three prior agreements with various entities including Plaintiffs. Id.

5. On October 7, 2008, Plaintiffs filed their Answer and Affirmative Defenses to Jurado Defendants' Counterclaims. [Doc. 40].

6. On November 20, 2008, the Court denied Defendants' Motion to Dismiss or Transfer Venue. [Doc. 47].

7. On November 19, 2008, Defendants served upon Plaintiffs an offer of judgment pursuant to Fla. Stat. § 789.79 and Fed. R. Civ. P. 68 in the amount of Thirty-Five Thousand Dollars ($35,000.00) ("Offer of Judgment"). A true and correct copy of the Offer of Judgment is appended hereto as EXHIBIT A.

8. The offer of judgment fully complies with the requirements of Fla. Stat. § 768.79 and Fed. R. Civ. P. 68. See id. and EXHIBIT A.

9. Plaintiffs did not accept Jurado Defendants' Offer of Judgment within thirty (30) days of service or any time thereafter prior to trial.

10. On January 9, 2009, the parties attended the mediation ordered by the Court on December 22, 2008. [Doc. 54]. The parties were unable to reach an agreement on settlement and the mediation resulted in an impasse. [Doc. 64].

11. On April 8, 2009, the Court held a hearing on the Preliminary Injunction Motion. The court took the Motion under advisement and denied it on April 16, 2009. [Doc. 86].

12. Between May 18, 2009 and May 21, 2009, the Court held a bench trial hearing testimony from Plaintiffs and Defendants.

13. On May 26, 2009, the Court announced its decision in the case along with findings of fact and conclusions of law.

14. The Court read the decision into the record and stated that the transcript would serve as the written Order for appellate purposes. See TRANSCRIPT OF NONJURY TRIAL PROCEEDINGS (JUDGE'S RULING) dated May 26, 2009 ("Judge's Ruling") p. 3, lines 16-23. Accordingly, it is the Judge's Ruling that establishes the grounds for Defendants' entitlement to the relief sought in this Motion.

15. The Court found in favor of Defendants on: Count I for trademark infringement and unfair competition; Count II for cybersquatting; Count III for deceptive and unfair trade practices; and Count V for constructive trust. See Judge's Ruling p. 9, lines 5-9.

16. The Court found in favor of Plaintiffs on Count IV breach of contract and awarded damages to Plaintiffs. Id. at p. 10, line 10 – p. 11, line 7.

17. The Judge's Ruling in favor of Jurado Defendants on Count III establishes the Jurado Defendants' eligibility for an award of Attorneys Fees and Costs pursuant to Fla. Stat. § 501.2105.

18. Since the inception of this lawsuit, Jurado Defendants attorneys' fees and costs total $249,318.62. See Affidavit of Lawrence C. Noble ("Noble Affidavit") ¶ 13, appended hereto as EXHIBIT B and Affidavit of Jon M. Gibbs ("Gibbs Affidavit") ¶ 11, appended hereto as EXHIBIT C.[1]

19. The fees and costs were both reasonable and necessary for Jurado Defendants' case. Id. See also, Affidavit of Dennis LaRochelle ("LaRochelle Affidavit"), appended hereto as EXHIBIT D and Affidavit of Melissa A. Campbell ("Campbell Affidavit"), appended hereto as EXHIBIT E.

20. In addition, the amount of damages awarded to Plaintiffs on Count IV entitles Jurado Defendants to attorneys' fees and costs from November 19, 2008 under Fla. Stat. § 789.79.

21. The Court instructed Jurado Defendants to "pay Plaintiffs' damages amounting to ten percent of the gross compensation they received … up to and including December 31, 2007." Judge's Ruling p. 11, lines 4-7.

22. All gross compensation earned by Exposé was reported to Provident Financial Management ("Provident") which administers an escrow account established during the litigation. See generally, Affidavit of Jeanette Jurado ("Jurado Affidavit"). A true and correct copy of the Jurado Affidavit is appended hereto as EXHIBIT F.

23. The gross compensation paid to Exposé from January 1, 2007 through December 31, 2007 was Two Hundred Fifty Thousand Dollars ($250,600.00). See Affidavit of Barry Siegel ("Siegel Affidavit") ¶ 9. A true and correct copy of the Siegel Affidavit is appended hereto as EXHIBIT G.

---

[1] The various fees and costs claimed by Jurado Defendants in the Motion consists of the sum of the amounts attested to in the Noble Affidavit and Gibbs Affidavit.

24. The calculated gross commission owed to Crystal based on the gross compensation paid to Exposé from January 1, 2007 to December 31, 2007 is Twenty-Five Thousand Sixty Dollars ($25,060.00).  Siegel Affidavit ¶ 10.

25. Through Provident, Crystal had been paid Six Thousand Two Hundred Dollars ($6,200.00) of the calculated Twenty-Five Thousand Sixty Dollars ($25,060.00) leaving a balance owing to Crystal of Eighteen Thousand Eight Hundred Sixty Dollars ($18,860.00). Siegel Affidavit ¶ 11.

26. Accordingly, the amount of damages amounting to ten percent (10%) of the gross compensation received by Exposé up to and including December 31, 2007 is Eighteen Thousand Eight Hundred Sixty Dollars ($18,860.00).

27. The damages awardable to Plaintiffs pursuant to the Judge's Ruling is at least twenty-five percent (25%) less than the amount of the Offer of Judgment made by Jurado Defendants on November 19, 2009.  Accordingly, Jurado Defendants are entitled to an award of attorneys' fees and costs from November 19, 2009.

28. Since November 19, 2008, Jurado Defendants attorneys' fees and costs total $175,012.30. See Noble Affidavit ¶ 16 and Gibbs Affidavit ¶ 14.

### Judgment and Statutes Entitling Defendants to Relief

As the Court aptly noted in the May 26, 2009 Judge's Ruling … "the touchstone of liability in a trademark infringement action is not simply whether there is an unauthorized use of a protected mark, but whether such use is likely to cause consumer confusion."  Judge's Ruling p. 7, line 24 – p. 8, line 3 (internal citation omitted).

The facts alleged by Plaintiffs to support their claim for trademark infringement under Count I of the Complaint were virtually identical to those alleged in Count II (Anticybersquatting

Consumer Protection Act, 15 U.S.C. § 1125(d)); and Count III (Violation of the Florida Deception and Unfair Trade Practices Act (Fla. Stat. § 501.201 to 501.213)).  See Complaint. [Doc. 1].  The Court properly recognized in its previous Order on Motion for Preliminary Injunction [Doc. 86] that "Crystal's claim for violation of the Florida Deceptive and Unfair Trade Practices Act rises or falls on the success of their trademark infringement claim.  *See* Order on Motion for Preliminary Injunction dated April 16, 2009 ("April 16, 2009 Order") p. 3, FN 2.

In the April 16, 2009 Order, the Court set forth the necessary elements to prevail on a claim under 15 U.S.C. § 1125(a), those elements being:  (1) that Plaintiffs have "enforceable trademark rights in the Exposé mark and name at issue, and (2) that Defendants made unauthorized use of it such that consumers were likely to confuse the two."  Id. at p. 2-3.. (internal citation omitted).  The Court found that Plaintiffs neither established ownership, nor did they present any evidence of consumer confusion.  Thus, the Court denied Plaintiffs' request for Preliminary Injunction.  Instead of using the Judge's Ruling to reevaluate their case, Plaintiffs forged ahead with trial.

The matter proceeded to trial on May 18, 2009 and Plaintiffs offered much of the same documentary evidence used in its Motion for Preliminary Injunction, in addition to the testimony of Ismael Garcia and Joseph Maenza to establish their case.  "Ownership is sufficiently established by showing adoption, but also use in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark."  Judge's Ruling p. 4, lines 17-21.  After hearing Plaintiff's testimony, not only did the Court find that Plaintiffs failed to establish ownership of the Exposé trademark[2], it

---

[2]  "I find that the goodwill associated with the name EXPOSÉ is with the band members." Judge's Ruling p. 6, lines 7-8.

found that Plaintiffs again failed to present "any evidence that the defendants' use of the name EXPOSÉ would cause public confusion." Judge's Ruling p. 8, lines 4-6 (emphasis added). The Court awarded exclusive use of the name EXPOSÉ to Jurado Defendants, instructed that the Jurado Defendants' trademark application for the EXPOSÉ mark be allowed to proceed, and enjoined Plaintiffs "from further use of the name EXPOSÉ with the exception of its receipt of royalties from the master recordings which has been previously established." Judge's Ruling p. 8, line 20 – p. 9, line 4.

### I.  As Prevailing Parties, the Jurado Defendants are Entitled to Recover All Attorneys' Fees and Costs Incurred in Defense of this Action under FDUTPA

FDUTPA states in relevant part:

> In any civil litigation resulting from an act or practice involving a violation of this part . . ., the prevailing party, after a judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the non-prevailing party.

Fla. Stat. § 501.2105(1) (2008). The Jurado Defendants are clearly the prevailing party in this litigation as the Court found that Plaintiffs failed to establish either of the two elements necessary to support their claims against Jurado Defendants for use of the EXPOSÉ mark.

An award of fees to the prevailing party under FDUPTA is within the sound discretion of the trial court. See Gen. Motors Acceptance Corp v. Laesser, 791 So. 2d 517, 520 n. 3 (Fla. 4th DCA 2001). In exercising its discretion, the factors that a trial court may consider include, but are not limited to: (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy a fee award; (3) whether an award of fees against the opposing party would deter others from action in similar circumstances; (4) the merits of the respective positions – including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith, but frivolous, unreasonable, or groundless; (6) whether the claim brought

was to resolve a significant legal question under FDUPTA law.  Humane Society of Broward Cnty., Inc. v. Fla. Humane Society, 951 So. 2d 966, 971-2 (Fla. 4th DCA 2007).

In the instant case, each and every factor listed above militates in favor of a finding that the Jurado Defendants are entitled to have their attorneys' fees and costs taxed against Plaintiffs. Factors (1) scope, (4) merits, and (5) bad faith, are intertwined and addressed by noting several significant facts about the case at issue.  First, the Plaintiffs could have brought a simple action for breach of contract, but instead chose to bring a five count federal complaint including two counts alleging violations of federal trademark law, a FDUPTA claim, and a claim for constructive trust.  A similar tactic was taken by the plaintiffs in Mandel v. Decorator's Mart, Inc., 965 So. 2d 311 (Fla. 4th DCA 2007).  Upholding the trial court's award of fees to the prevailing defendant the Fourth District Court of Appeals explained its rationale:

> Alleging the commission of conduct more odious than a breach of contract, this pleading increased the financial risk to both parties.  Our experience is that it is not uncommon for litigants to inject claims of fraud and deceptive trade practices into a contractual dispute.  This tactic complicates the lawsuit, raises the stakes, and increases the litigation expenses.

Id. at 313-14.  To the extent Plaintiffs threw numerous claims at Jurado Defendants to see what would stick, they vastly multiplied the scope and, therefore, the cost of defending this action, making an award of attorneys' fees in favor of the Jurado Defendants eminently appropriate. Also increasing the scope of the litigation was Plaintiffs' filing of numerous unnecessary motions and notices.  By way of example, Plaintiffs filed motions for preliminary injunction, motions to continue trial despite having requested and been given a date certain, motions in limine, notices of unavailability, a notice of non-cooperation, and as can be seen from a review of the docket, many of the filings occurred after the November 19, 2009 Offer of Judgment.

Second, with respect to both scope and merit, the Plaintiffs continued to trial and did nothing to redress the fatal flaws that were brought to their attention via the Court's Order

Denying Preliminary Injunction. The very fact that Plaintiffs had two bites at the apple only to fail in proving <u>either</u> of the necessary elements to prevail on all claims relating to Jurado Defendants' use of the EXPOSÉ name suggests not only that this aspect of the case was not only frivolous, and totally groundless, but brought in bad faith.[3]

With respect to factor (2), Plaintiffs' ability to satisfy a fee award, the Jurado Defendants do not have knowledge of Plaintiffs' specific financial circumstances, but suggest that if each had the funds necessary to attend trial with three (3) attorneys, all of which are local to the Southern District of Florida, they will be able to satisfy a fee award. With respect to factor (3), the efficacy of a fee award in deterring other frivolous claims of the same nature, the Jurado Defendants submit that a few awards against Plaintiffs, who seek to use the FDUTPA in an effort to enhance their claims, hoping to have the opportunity to seek fees and costs, would certainly deter others from bringing suit in similar circumstances. Finally, with respect to factor (6), no novel or significant FDUPTA issue was raised in this suit. Thus, when the established factors are analyzed in light of the facts of this case, it becomes abundantly clear that attorneys' fees and costs should be taxed against Plaintiffs and awarded to the Jurado Defendants.

Moreover, all attorneys' fees accrued in the defense of this action by the Jurado Defendants are taxable against Plaintiffs because when FDUPTA claims are based on the same transaction as alternative theories of recovery, as is the case here, no allocation of attorneys' fees is necessary. <u>Mandel v. Decorator's Mart, Inc.</u>, 965 So. 2d 311 (Fla. 4th DCA 2007) (holding that because the trademark, anit-cybersquatting and constructive trust claims at issue arose from

---

[3] However, when a prevailing defendant seeks a fee award from a non-prevailing plaintiff, the defendant does not need to show that a plaintiff's suit was frivolous, unreasonable, brought without foundation or in bad faith to recover its fees. <u>Humane Society of Broward Cnty., Inc. v. Fla. Humane Society</u>, 951 So. 2d 966 (Fla. 4th DCA 2007) (upholding an award of fees in favor of the prevailing defendant in the absence of those factors, rejecting plaintiff's argument that the defendant could not recover its fees unless plaintiff's case was frivolous, unreasonable, or without foundation).

the same common core of facts as the Chapter 501 [FDUPTA] claim, attorney time spent on claims arising from that common core was properly awarded to the prevailing defendant); see also Heindel v. Southside Chrysler-Plymouth, Inc., 476 So. 2d 266, 271-72 (Fla. 1st DCA 1985). Here, like Mandel, the alternative theories pled by Plaintiffs all arose out of a "common core" of facts: Jurado Defendants' use of the EXPOSÉ mark. Thus, like the prevailing defendants in Mandel, the Jurado Defendants are entitled to recover all of the attorneys' fees and costs accrued in the defense of this action. Mandel, 965 So. 2d at 315 ("Because the fraud and contract claims arose form the same "common core" of facts as the Chapter 501 [FDUPTA] claim, they were not "clearly beyond the scope of a 501 proceeding" . . . The trial court correctly awarded attorney's fees for attorney time spent on [both] the fraud and contract claims"); see also LaFerney v. Scott Smith Oldsmobile, Inc., 410 So. 2d 534 (Fla. 5th DCA 1982).

Providing additional support for an award of the entirety of the Jurado Defendants' attorneys' fees and costs is the plain language of FDUPTA, as aptly explained by the Mandel court:

> The language of section 501.2105 takes a broad view of compensable attorney time on a case involving a claim of a deceptive or unfair trade practice. Section 501.2105(2) requires that the prevailing party's attorney submit an affidavit of "time spent on the case." Similarly, section 501.2105(3) allows a trial judge to award a "legal fee" for hours "actually spent on the case." This statutory language contemplates recovery of attorney's fees for hours devoted to the entire litigation . . . and does not require the allocation of attorney time between the chapter 501 count and other alternative counts based on the same consumer transactions unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501.

Id. at 314 (emphasis added).

Therefore, as the Jurado Defendants prevailed in the instant litigation and all of the claims on which they prevailed in the lawsuit arose from the same set of facts as the FDUTPA

claim – the use of EXPOSÉ by Jurado Defendants – the Jurado Defendants are entitled to an award of all the attorneys' fees and costs they accrued in defense of this action.[4]

### II. The Jurado Defendants are Entitled to Recover All Attorneys' Fees and Costs Incurred since November 19, 2009 under Fla. Stat. § 768.79 the "Offer of Judgment Statute"

In the alternative, and in further support that Jurado Defendants are entitled to attorneys fees under FDUTPA for Plaintiff's bad faith pursuit of this litigation, Jurado Defendants are entitled to attorneys fees and costs under Fla. Stat. § 768.79 which states in pertinent part:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. . . . . If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.

Fla. Stat. § 768.79 (1) (2008).

According to the statute, Jurado Defendants entitled to an award of attorneys' fees and costs incurred in defending this case after November 19, 2008. After being served with an Offer of Judgment on that date, Plaintiffs rejected the Offer of Judgment by not accepting it within the required thirty-day (30) time period.[5] Thereafter, the Court entered a verdict in favor of Jurado Defendants on all counts but one, a breach of contract claim. The damages awardable to Plaintiffs are limited to $18,860.00 and because they are entitled to recover an amount which is "at least 25% less" than the amount of the Proposals, section 768.79 requires this Court to award Jurado Defendants their reasonable costs and attorneys' fees. Fla. Stat. § 768.79(6)(a) (2008);

---

[4] The requisite affidavits of counsel, setting forth the time that counsel for the Jurado Defendants spent on the defense of this case and the costs incurred with respect to the same, are attached hereto as <u>EXHIBIT B</u> and <u>EXHIBIT C</u>. *See* Section 501.2105, *Florida Statutes*.

[5] This time period includes mailing days allowable under Fed. R. Civ. P.

<u>Anderson v. King</u>, 817 So. 2d 1102, 1104 (Fla. 2d DCA 2002) (determining that defendant was entitled to award of attorneys' fees and costs based on offer of judgment where plaintiff obtained a judgment that was 25% less than defendant's offer); <u>see</u> <u>also</u> <u>David E. Disney, P.A. v. Daniel R. Vaughen</u>, P.A., 804 So. 2d 581, 583 (Fla. 5th DCA 2002) ("Under section 768.79, a defendant in any civil action for damages is entitled to reasonable costs and attorney's fees if the defendant's offer of judgment is not accepted and if the judgment is for no liability or is at least 25% less than the offer.").

Additionally, Jurado Defendants Proposals of Settlement meet all of the procedural requirements of Fla. Stat. § 768.79(2), which states:

> (2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
> (a) Be in writing and state that it is being made pursuant to this section.
> (b) Name the party making it and the party to whom it is being made.
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
> (d) State its total amount.

<u>Id</u>. As a result, pursuant to Fla. Stat. § 768.79, this Court should grant the Motion and determine that Jurado Defendants are entitled to recover their reasonable attorneys' fees and costs incurred in defending the instant action after November 19, 2009.

In order to conserve judicial resources and to avoid additional litigation expenses by the parties, the Court should determine the entitlement of Jurado Defendants to an award of their fees and costs, with the amount being determined when all appeals, if any, in this case have been exhausted.

**Amount of Fees Sought**

As of May 31, 2008, the Jurado Defendants had incurred attorneys' fees in connection with this case, since its inception, in the amount of $242,744.00.[6] See Noble Affidavit ¶ 13 and Gibbs Affidavit ¶ 11. As of May 31, 2008, the Jurado Defendants had incurred attorneys' fees in connection with this case, since November 19, 2008, in the amount of $168,470.50. See Noble Affidavit ¶ 16 and Gibbs Affidavit ¶ 14.

The lodestar method is the accepted means upon which to determine a reasonable award of attorneys' fees. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L. Ed. 2d 40 (1983). This method calculates attorneys' fees by determining a reasonable hourly rate for a reasonable number of hours expended. See Royal Palace Hotel Assocs., Inc. v. Int'l Resort Classics, Inc., 178 F.R.D. 595, 600 (M.D. Fla. 1998). In Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988), the Eleventh Circuit adopted the twelve factors set forth in Hensley as the factors that should be considered in determining a reasonable award of attorneys' fees. Those factors are: (1) the time and labor required by the case; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. The Jurado Defendants submit that, while all of the factors are relevant, several of the following factors,

---

[6] The Jurado Defendants reserve their right to seek reimbursement of reasonable fees incurred after May 31, 2009, in connection with these attorneys' fee proceedings. See Thompson v. Pharmacy Corp. of Amer., 334 F.3d 1242 (11th Cir. 2003) (attorneys' fees may be recoverable for time spent litigating a statutory fee claim).

namely, (1), (2), (3), (5) and (8), as discussed below, should be given greater weight in the Court's analysis.

With respect to factor (1), Jurado Defendants' counsel was required to expend a significant amount of time and labor on this case and perform work under the demanding federal briefing schedule. Further, Plaintiffs filed numerous unnecessary motions and responding to those motion required a substantial amount of additional work. Moreover, with respect to factors (2) and (3), intellectual property litigation requires specialized knowledge and skill and counsel for the Jurado Defendants has/had the specialized knowledge and skill needed to handle intellectual property claims with efficiency and efficacy. With respect to factor (5), the fixed hourly rates charged by the Jurado Defendants' counsel in this case are the same as those rates customarily charged by the Jurado Defendants' counsel. In addition, with respect to factor (8), the amount at issue in the case was significant, as Plaintiffs sought lost profits, defendants profits, enhanced damages, punitive damages, attorneys fees and costs. The foregoing facts demonstrate the reasonableness of the attorneys' fee request by the Jurado Defendants in this case.

In addition to the foregoing, the Affidavit of Dennis LaRochelle, appended hereto as EXHIBIT D and the Affidavit of Melissa A. Campbell, appended hereto as EXHIBIT E, Plaintiffs' counsel's respective fee experts establish that the fees incurred in this matter are reasonable.

**Amount of Costs Sought**

As of May 31, 2008, the Jurado Defendants had incurred costs in connection with this case, since its inception, in the amount of $6,574.62. See Noble Affidavit ¶ 13 and Gibbs Affidavit ¶ 11. As of May 31, 2008, the Jurado Defendants had incurred costs in connection with

this case, since November 19, 2008, in the amount of $6,542.42.  See Noble Affidavit ¶ 16 and Gibbs Affidavit ¶ 14.

### Terms of the Jurado Defendants' Fee Agreement with Counsel

The Jurado Defendants' fee arrangement with their respective counsel is to pay for attorneys' fees on a fixed hourly basis.  See Noble Affidavit ¶ 6 and Gibbs Affidavit ¶ 5.

### Detailed Description of Hours Reasonably Expended, Hourly Rates and Bases Therefore

Noble Affidavit EXHIBIT 1 and Gibbs Affidavit EXHIBIT 1, contain the Jurado Defendants' counsel's respective invoices which demonstrate the amount of hours billed to this matter, a description of the time billed and the hourly rates of the attorneys that worked on the defense of this case.[7]

### Detailed Description of Reimbursable Expenses

Noble Affidavit EXHIBIT 2 and Gibbs Affidavit EXHIBIT 2, contain the respective itemized invoices of costs charged to the Jurado Defendants incurred in the defense of this case.[8]

### Verification of Counsel

The verification of counsel required by Rule 7.3(a)(vi), Local Rules for the United States District Court for the Southern District of Florida is stated below.

### Certificate Of Good Faith Conference

Pursuant to Rule 7.3, Local Rules for the United States District Court for the Southern District of Florida, on Monday, June 22, 2009 at 11:54 a.m. PDT (2:54 p.m. EDT), I called Robert Kain, Esq., counsel for plaintiffs, Crystal to "meet and confer" about the instant fee motion being filed by the prevailing Jurado Defendants.  However, Mr. Kain refused to talk to

---

[7] Privileged information has been redacted from the timekeeper's entry where necessary to avoid waiver of the attorney-client privilege or attorney work product doctrine.

[8] Certain personal information has been redacted for privacy purposes.

me - *about anything* – until he had a copy of our intended fee motion. I sent a confirming e-mail to Mr. Kain, who then replied to me. While Mr. Kain states that he didn't provide him with specific information, he fails to state that he cut me off refusing to let me give him *any* information. Per Mr. Kain's request, I have attached a true and correct copy of our e-mail exchange as <u>EXHIBIT H</u>.

                <u>s/Lawrence C. Noble</u>
                Lawrence C. Noble

  WHEREFORE, on the basis of the foregoing, Defendants, Jeanette Jurado, Ann Curless Weiss, Gioia Bruno, and Walking Distance Entertainment, LLC, respectfully request that they be awarded their reasonable attorneys' fees in the amount of $<u>242,744.00</u> and costs in the amount of $<u>6,583.62</u>, in addition to any such other and further relief that the Court deems just and proper.

Dated:  June 25, 2009   Respectfully submitted,

             <u>s/Lawrence C. Noble</u>
             Lawrence C. Noble
             Ca. Bar ID No. 059804
             lawrence@noble4law.com
             Noble & Associates
             1001 Partridge Drive
             Suite 300
             Ventura, California 93003
             Telephone: (805) 658-6266
             Facsimile: (805) 658-7628
             Attorneys for Defendant/Counter-Plaintiffs
             Jeanette Jurado, Ann Curless Weiss, Gioia Bruno,
             and Walking Distance Entertainment, LLC

-17-

## CERTIFICATE OF SERVICE

**I hereby certify** that on May 25, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/Jon M. Gibbs
Jon M. Gibbs

## SERVICE LIST

**Crystal Ent. & Filmworks, Inc., et al. versus Jurado, et al.
Case No. 08-60125-Civ-COOKE/BROWN'
United States District Court, Southern District of Florida**

| | |
|---|---|
| Robert C. Kain, Jr., Esq.<br>rkain@complexip.com<br>Kain & Associates<br>750 Southeast 3rd Avenue<br>Suite 100<br>Fort Lauderdale, Florida 33316<br>Telephone: (954) 768-9002<br>Facsimile: (954) 768-0158<br>Attorney for Plaintiff/Counter-Defendants<br>Crystal Ent. & Filmworks, Inc. and<br>Crystal Ent. & Filmworks II, Inc.<br>Via CM/ECF | Darren Spielman, Esq.<br>dspielman@complexip.com<br>Kain & Associates<br>750 Southeast 3rd Avenue<br>Suite 100<br>Fort Lauderdale, Florida 33316<br>Telephone: (954) 768-9002<br>Facsimile: (954) 768-0158<br>Attorney for Plaintiff/Counter-Defendants<br>Crystal Ent. & Filmworks, Inc. and<br>Crystal Ent. & Filmworks II, Inc.<br>Via CM/ECF |

## Verification of Counsel

Undersigned counsel hereby states that the facts set forth herein are true and correct. Counsel further certifies that the Jurado Defendants have agreed to pay the undersigned law firms for the fees incurred on an hourly basis. Counsel certifies that he has fully reviewed the time records and supporting data and that this motion is well grounded in fact and is justified. The Noble Affidavit <u>EXHIBIT 1</u> and Gibbs Affidavit <u>EXHIBIT 1</u> include true and correct copies of invoices for attorneys' fees charged to the Jurado Defendants and incurred in connection with the defense of Plaintiffs' claims. The Noble Affidavit <u>EXHIBIT 2</u> and Gibbs Affidavit <u>EXHIBIT 2</u> include true and correct copies of invoices for costs and expense charged to the Jurado Defendants and incurred in connection with the defense of Plaintiffs' claims.

Lawrence C. Noble

State of California, County of Ventura
Subscribed and sworn to (or affirmed) before me on this 25th day of June, 2009,
by Lawrence C. Noble
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature: Stephanie Hernandez



STEPHANIE HERNANDEZ
Commission # 1684371
Notary Public - California
Ventura County
My Comm. Expires Jul 28, 2010