UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60125-CIV-COOKE/BANDSTRA

CRYSTAL ENTERTAINMENT &
FILMWORKS, INC., *et al.*,

     Plaintiffs,

v.

JEANETTE JURADO, *et al.*,

     Defendants,

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants' Verified Motion for Attorney's Fees and Costs pursuant to Fla. L.R. 7.3, Fla. Stat. §501.2105, and Fla. Stat. §768.79. On July 23, 2009, this motion was referred to United States Magistrate Judge Ted E. Bandstra by the Honorable Marcia G. Cooke for a Report and Recommendation pursuant to 28 U.S.C. §636(b). Having carefully considered this motion, the response, and reply thereto, the undersigned recommends that Defendants' Motion be DENIED.

## BACKGROUND

On January 28, 2008, Crystal Entertainment & Filmworks, Inc. and Crystal Entertainment & Filmworks II, Inc. (collectively "plaintiffs") filed a complaint against Jeanette Jurado , Ann Curless Weiss, Gioia Bruno, Kelly Moneymaker, Paradise Artist Inc., and Walking Distance Entertainment, LLC (collectively "defendants") for trademark infringement and unfair competition in violation of 15 U.S.C. §1143(a), cyber piracy in violation of 15 U.S.C. §1125(d), deceptive and unfair trade practices in violation of Fla.

Stat. §501.201-213 ("FDUTPA"), common law breach of contract, and constructive trust. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331(a) because plaintiffs asserted claims under the laws of the United States. In addition, the Court retained supplemental jurisdiction over the claims asserted under the laws of Florida.

On November 19, 2008, defendants served upon plaintiffs an offer of judgment pursuant to Fla. Stat. §768.79 and Fed. R. Civ. P. 68 in the amount of $35,000 to settle all state law claims on the condition that plaintiffs would dismiss all federal claims with prejudice. Plaintiffs did not accept defendants offer of judgment within 30 days.

Between May 18, 2009 and May 21, 2009, the Court held a bench trial. On May 26, 2009, the Court announced its decision in the case along with findings of fact and conclusions of law. The Court found in favor of defendants on: Count I for trademark infringement and unfair competition, Count II for cyber piracy, Count III for deceptive and unfair trade practices; and Count V for constructive trust. On Count IV, breach of contract, the Court found in favor of plaintiffs and instructed defendants to pay damages amounting to ten percent of the gross compensation they received up to and including December 31, 2007. The gross compensation received during that time period equaled $250,600.00. Consequently, plaintiffs were entitled to $25,060.00 in damages representing 10% of the gross compensation received by defendants for the relevant time period. Since plaintiffs had already received $6,200.00 through an escrow account, the remaining balance due and owing was $18,860.00.

On June 25, 2009, defendants filed the instant motion for attorney's fees and costs

pursuant to Fla. L.R. 7.3, Fla. Stat. §501.2105, and Fla. Stat. §768.79.[1]

## ANALYSIS

### I. FDUTPA

Defendants first maintain that they are entitled to attorney's fees and costs under

FDUTPA. FDUTPA provides, in relevant part, that:

> In any civil litigation resulting from an act or practice involving a violation of
> this part,...the prevailing party, after a judgment in the trial court and
> exhaustion of all appeals, if any, may receive his or her reasonable
> attorney's fees and costs from the non-prevailing party.

Fla. Stat. §501.2105.[2] Awarding attorney's fees and costs under FDUTPA is not

mandatory, but is within the sound discretion of the trial court to make such an award. *See*

*Humane Society of Broward County v. Fla. Humane Society*, 951 So.2d 966, 968 (Fla. 4th

DCA 2007). When seeking an award under FDUTPA, the burden is on the moving party

to demonstrate an entitlement to fees and costs under that statute. *See CrossPointe, LLC*

*v. Integrated Computing, Inc.*, 2007 WL 1192021 (M.D. Fla. April 20, 2007).   The

undersigned finds that defendants did not meet their burden because they did not recover

---

[1]On July 27, 2009, plaintiffs requested a hearing regarding the instant motion.
However, after a thorough review of the court file and applicable law, the undersigned
finds no need for a hearing on this motion. Accordingly, plaintiffs' motion for hearing
(D.E. 113) is hereby DENIED.

[2]As an initial matter, the undersigned finds that defendants' motion for attorney's
fees under FDUTPA is premature because final judgment has not yet been entered in
this case. Therefore, the undersigned recommends that a final judgment be entered
prior to the resolution of this motion. *See Nolan v. Altman*, 449 So.2d 898, 900 fn. 2
(Fla. 1st DCA 1984) (stressing the necessity for both the entry of judgment and the
exhaustion of all appeals before attorney's fees can be awarded under FDUPTA).
However, this procedural requirement does not preclude the undersigned from
rendering a decision on the merits of this motion at this time.

a net judgment in this case. Defendants also fail to demonstrate that the circumstances of the instant litigation justify an award of attorney's fees.

Only a prevailing party may recover attorney's fees under FDUPTA. Fla. Stat. §501.2105. To be deemed a prevailing party under FDUTPA, the party moving for an award of attorney's fees must obtain a favorable judgment. *See Ghodrati v. Miami Paneling Co.*, 777 So.2d 181, 183 (Fla. 3d DCA 2000). To obtain a favorable judgment under FDUTPA, a defendant must satisfy a two-part test requiring that they "(1) recover judgment on the chapter 501, part II claim, *and (2) recover a net judgment in the entire case.*" *Heindel v. Southside Chrysler-Plymouth, Inc.*, 476 So.2d 266, 270 (Fla. 1st DCA 1985) (emphasis added); *cited by CrossPointe, LLC*, 2007 WL 1192021 at *4. In *Heindel*, the defendant obtained a directed verdict on plaintiff's FDUPTA claim but suffered an adverse monetary judgment on bailment and breach of contract claims. *Heindel*, 476 So.2d at 270. Because the net judgment was in plaintiff's favor, the court held that defendants were not the "prevailing party" under FDUTPA. *Id.* Like the defendant in *Heindel*, defendants in the instant case were not liable under FDUTPA but suffered an adverse net judgment in the case. Accordingly, the undersigned finds that plaintiffs do not satisfy the two-part test enumerated above. As a result, defendants are not entitled to attorney's fees under FDUTPA because they are not "prevailing" parties.

Moreover, the undersigned finds no circumstances that would justify an award of attorney's fees and costs to defendants. In *Humane Society*, Florida's Fourth District Court of Appeals established several factors that a trial court might consider when ruling on a defendant's motion for attorney's fees and costs pursuant to FDUTPA. "In exercising its

4

discretion, factors that a trial court might consider include, but are not limited to:

> (1) the scope and history of the litigation;
>
> (2) the ability of the opposing party to satisfy an award of fees;
>
> (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
>
> (4) the merits of the prospective positions-including the degree of the opposing party's culpability or bad faith;
>
> (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
>
> (6) whether the defense raised a defense mainly to frustrate or stall;
>
> (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Humane Society*, 951 So.2d at 971-72. Examining these factors in the instant case, the undersigned concludes that defendants did not demonstrate an entitlement to attorney's fees and costs under FDUTPA.

Specifically, the undersigned finds that plaintiffs' FDUTPA claim was not frivolous, unreasonable, or groundless. Defendants argue that factors (1), (2), (4), and (5) under *Humane Society* justify an award because plaintiffs purposely expanded the scope of this litigation in bad faith.[3] However, the undersigned cannot conclude that plaintiffs filed this action in bad faith simply because they sought to recover under several causes of action. Before a determination of all the facts, it was reasonable for plaintiffs to file suit under

---

[3]Defendants also argue that factors (2) and (7) militate in their favor. With respect to factor (2), defendants contend that plaintiffs are in a financial position to pay an award. However, the undersigned finds that plaintiffs' ability to pay an award cannot justify such an award by itself. Similarly, the undersigned finds that factor (7) alone cannot justify an award particularly when the FDUPTA claim is not frivolous in nature.

FDUTPA on their good faith belief that trial would expose defendants' liability pursuant to that statute.

Defendants argue that the decision in *Mandel v. Decorator's Mart, Inc.*, 965 So.2d 311 (Fla. 4th DCA 2007), supports an award of attorney's fees in the instant case. However, the defendants in *Mandel* prevailed on counterclaims and "the final judgment in the case found that [defendants] were the 'prevailing parties' for attorney's fees purposes." *Id.* at 314. Moreover, the defendants in *Mandel* recovered an overall net judgment in the case. *Id.* Therefore, the undersigned cannot equate the circumstances before the court in *Mandel* to those in the instant case.

After carefully reviewing the court file and applicable law, the undersigned finds that defendants did not sufficiently demonstrate an entitlement to attorney's fees under FDUTPA. Accordingly, the undersigned recommends that defendants' motion for attorney's fees pursuant to that Act be denied once final judgment is entered and all appeals are exhausted.

## II. Florida Offer of Judgment Statute

Defendants also seek attorney's fees and costs under Fla. Stat. §768.79. Plaintiffs do not challenge defendants' ability to assert an entitlement to attorney's fees and costs under Fla. Stat. §768.79. As a preliminary matter, the undersigned has found no authority in this Circuit permitting an award of attorney's fees and costs pursuant to a state statute when, as here, a federal court has jurisdiction based on a federal question and exercises

6

supplemental jurisdiction over state law claims.[4] However, based on the finding below regarding the procedural insufficiency of the instant offer of judgment, the Court need not address this point in that it is not at issue at this time. Rather, the undersigned recommends that defendants' motion be denied because the offer of judgment as presented was procedurally invalid under Florida Rule of Civil Procedure 1.422.

An offer of judgment made pursuant to Fla. Stat. §768.79 must comply with the procedural requirements set forth in Rule 1.442. *See McMahan v. Toto*, 311 F.3d 1077, 1082 (11th Cir. 2002). Subsection (c)(3) of Rule 1.442 requires that "[a] proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." The defendants' offer of judgment stated, in relevant part:

---

[4]Although not cited by defendants, it appears that the Ninth Circuit is the only circuit to address this issue. In *MRO Comm., Inc. v. Am. Telephone & Telegraph*, 197 F.3d 1276 (9th Cir. 1999), the Court held that "where a district court is exercising its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" *Id.* at 1281 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31 (1975)). However, a closer examination of *Alyeska Pipeline* shows that the Supreme Court simply acknowledged that a state statute giving a right to attorney's fees should be followed when the court's jurisdiction is grounded in *diversity*. *See Alyeska Pipeline,* 421 U.S. at 259 n. 31. The Court in *Alyeska Pipeline* did not address whether the same should be followed when a federal court has federal question jurisdiction and retains supplemental jurisdiction over state law claims. Nevertheless, the Ninth Circuit in *MRO* was "persuaded that the same principle should apply to a state statute whose offer of judgment has been rejected in a case where the plaintiff has filed supplemental state law claims in federal court" and the court has federal question jurisdiction. *MRO,* 197 F.3d at 1283. Because the undersigned has not found any authority or other courts in this Circuit which have decided whether Fla. Stat. §768.79 may be invoked in federal question cases, this Court declines to further address the point since the decision rests on the procedural deficiencies of the instant offer of judgment.

Defendants, JEANNETTE JURADO, ANN CURLESS WEISS, GIOIA BRUNO, and WALKING DISTANCE ENTERTAINMENT, LLC, pursuant to Section 768.79, Florida Statutes, and Rule 68 of the Federal Rules of Civil Procedure, hereby offer to have judgment taken against them and in favor of Plaintiffs, CRYSTAL ENTERTAINMENT & FILMWORKS, INC. and CRYSTAL ENTERTAINMENT & FILMWORKS II, INC., in the sum of $35,000, in full and complete satisfaction of all pending state law claims asserted in this lawsuit, including punitive damages, statutory damages, prejudgment interests, costs and attorney's fees incurred to date.

This offer is made contingent upon Plaintiffs dismissing all federal law claims with prejudice.

*See* D.E. 107, Exhibit 2.

The undersigned finds that defendants' joint offer of judgment is invalid because it failed to specify the amounts offered by each defendant. Defendants' lump sum offer of $35,000 did not state the "amount and terms attributable to each party" as required by Rule 1.442(c)(3). Under Florida law, "section 768.79 and rule 1.442 [are] to be strictly construed because they are in derogation of the common law rule that each party should pay its own fees." *Lamb v. Matetzschk*, 906 So.2d 1037, 1040 (Fla. 2005). "A strict construction of the plain language of rule 1.442(c)(3) requires that offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror." *Willis Shaw Express, Inc. v. Hilyer Sod. Inc.*, 849 So.2d 276, 278-79 (Fla. 2003). Defendants joint offer does not apportion amounts attributed to each offeror. As a result, defendants' offer of judgment was defective and invalid.

Defendants assert that *Lamb* should not affect the decision in this case because *Lamb* dealt with an offer from multiple plaintiffs to a single defendant. However, the undersigned is not persuaded by defendants' attempt to distinguish *Lamb*. In *Lamb*, the Court specifically stated that "rule 1.442(c)(3) does not differentiate between plaintiffs and

defendants but uses the term 'party or parties.'" *Lamb*, 849 So.2d at 1040. Therefore, the undersigned concludes that Rule 1.442(c)(3) attribution requirement applies to defendants in this case. Because defendants' offer of judgment failed to comply with the requirements of Rule1.442(c)(3), the undersigned recommends that defendants' motion for fees and costs be denied.

## CONCLUSION

For all the foregoing reasons, the undersigned recommends that Defendants' Motion for Attorney's Fees and Costs pursuant to Fla. Stat. §501.2105 and Fla. Stat. §768.79 be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Marcia G. Cooke, United States District Judge, within ten (10) days of receipt. *See* 28 U.S.C. sec. 636(b)(1)( c); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983); *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida, this 31st day of July, 2009.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable Marcia G. Cooke
Counsel of record