UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE 08-60125-CIV-MGC

CRYSTAL ENTERTAINMENT
& FILMWORKS, INC., et al.,

Plaintiff,

vs.

JEANETTE JURADO, et al.,

MIAMI, FLORIDA
MAY 26, 2009
TUESDAY - 3:00 P.M.

Defendants.

TRANSCRIPT OF NONJURY TRIAL PROCEEDINGS
BEFORE THE HONORABLE MARCIA G. COOKE
UNITED STATES DISTRICT JUDGE
DAY 4

APPEARANCES:

FOR THE PLAINTIFF:

ROBERT KAIN, JR., ESQ.
Kain & Associates, Attorneys at Law
900 SE Third Avenue Suite 205
Fort Lauderdale, FL 33316 - 954/768-9002

DARREN SPIELMAN, ESQ.
Fleit Kain Gibbons Gutman et al
750 SE 3rd Avenue Suite 100
Fort Lauderdale, FL 33316 - 954/768-9002

HOWARD KAHN, ESQ.
Kahn, Chenkin & Resnik, P.L.
1815 Griffin Road Suite 207
Dania, FL 33004 - 954/321-0176

FOR THE DEFENDANT:

LAWRENCE NOBLE, ESQ.
Noble & Associates
1001 Partridge Drive Suite 300
Ventura, CA 93003 - 805/658-6266

JON GIBBS, ESQ.
Akerman Senterfitt
420 S. Orange Avenue Suite 1200
Orlando, FL 32801 - 407/423-4000

REPORTED BY:

ROBIN M. DISPENZIERI, RPR
Official Federal Court Reporter
United States District Court
400 No. Miami Avenue, Ste. 11-2
Miami, FL 33128 - 305/523-5158
Email: robinc1127@aol.com

THE COURT: Appearing on behalf of the Crystal Entertainment and Filmworks plaintiffs.

MR. KAIN: Robert Kain, Your Honor, and to my right is the President, Ismael Garcia.

THE COURT: Appearing on behalf of the defendants Jeanette Jurado, et. al.

MR. GIBBS: Jon Gibbs, Your Honor. Beside me is Gioia Bruno. I believe on the telephone is Lawrence Noble.

MR. NOBLE: I am on the telephone, Your Honor. Thank you for permitting me to appear by telephone.

THE COURT: I understand that you're probably back in sunny California. I don't know what you did, but since your arrival we've had nothing but rain. Maybe you being back in California will bring us the sun again, Mr. Noble.

MR. NOBLE: Let's hope so, Your Honor.

THE COURT: Everyone may be seated. We are here today for me to inform the parties of my decisions, findings of fact and conclusion of law based upon the bench trial that was held last week.

What I am going to do is to read my decision into the record. If either party wishes to appeal, please see Robin to purchase a copy of the transcript that will serve as my written order in this case and that you may use to establish your appellate rights.

I am going to go through the matter by count and by

counter claim.

First, as to Count 1, Trademark Infringement, False Designation of Origin, False Association, False Advertising and Unfair Competition, I find as follows:

Both parties agree that in order to succeed, Crystal needs to show that it had an enforceable right in the mark or name; and second, the defendants made unauthorized use of it such that the customers were likely to confuse the two.

Because this is a bench trial, I am deciding this case as the fact finder, not just as a matter of law. As a finder of fact, I find that plaintiffs have not established that they own the EXPOSE' trademark. Plaintiffs admit that they have never registered the mark, so its ownership claim must be examined based on common law.

As plaintiffs cite in 7A of their proposed conclusions of law, under common law, trademark ownership rights are appropriated only through actual prior use in commerce, citing Planetary Motion Inc. versus Techsplosion, Inc., 261 F.3d 1188, Eleventh Circuit, 2001. Ownership is sufficiently established by showing adoption, but also use in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark.

The first EXPOSE' album in 1986, Expose Yourself, contains photos of the defendants Ann Curless, Jeanette Jurado and Gioia Bruno as the band EXPOSE'.

The second album in 1989, EXPOSE', What You Don't Know, which also includes pictures of the defendants and the statement that EXPOSE' is Gioia, Ann Curless and Jeanette Jurado.

A third album in 1992, states that EXPOSE' is Jeanette Jurado, Ann Curless and Kelly Money-Maker, who was also named as a defendant in this case, but not served. Plaintiffs did not present any evidence that they selected Kelly Money-Maker to act as Bruno's replacement, and under the 2006 TLA, Money-Maker's performance with the group is at the sole discretion of the defendants.

Recent albums in 2002 and 2005, feature photos of defendants Curless, Jurado and Bruno. Based on the evidence, the defendants use of the EXPOSE' mark publically since 1986 establish that they are common law owners of the mark.

Plaintiffs rely primarily on their receipt of music royalties to establish the use in commerce, as well as several agreements in which defendants acknowledge Pantera's and later Crystal's ownership of the trademark EXPOSE'.

The defendants, however, also received royalties, and I do not find that these written agreements were sufficiently public so as to identify the EXPOSE' albums and performances as the plaintiffs.

Furthermore, a trademark is a symbol of goodwill. While Mr. Garcia contends that his company, Pantera, came up

with the group name, the public, which is who trademark law is designed to protect, does not associate EXPOSE' with him or his company. See Creative Arts By Calloway, LLC, 48 Fed Appx. 16, Second Circuit, 2002.

A trademark is merely a symbol of goodwill and cannot be sold or assigned apart from the goodwill it symbolizes. As goodwill is inseparable from the underlying business with which it is associated, rights in a trademark cannot be transferred in gross or apart from the ongoing business. I find that the goodwill associated with the name EXPOSE' was with the band members.

Plaintiffs rely heavily on Marshak versus Treadwell, a Third Circuit case involving a dispute between a former band member of the Drifters and the wife of the Drifter's former manager. In that case, the band members changed continually from 1953 to 1967, and the former manager scheduled the group's performances, negotiated their recording contracts, and chose their music and arrangements.

In contrast, the case before me involves all of the members in a group whose membership, with the exception of Kelly Money-Maker's occasional appearances, have been consistent for over 20 years. Plaintiffs have also not presented any evidence that they have exercised such control over the defendants, nor taken any active role in scheduling any of the group's performances.

As the finder of fact, it was my duty to judge the credibility of the witnesses. Plaintiff's major witness was Ismael Garcia, the President of both Crystal I and II. Given the inconsistencies in Mr. Garcia's testimony at trial concerning several key issues, including:

One, his application for the EXPOSE' trademark;

Two, his relationship with the group and;

Three, his involvement with the ongoing management of EXPOSE', his testimony was given less weight than that of the other witnesses.

Based on the defendant's testimony, I find that the plaintiff's involvement with EXPOSE' has been limited to collecting royalties from the sale of records, and money from the TLAs as entered into with the defendants.

This case must be likened to the case involving the band New Edition, which involved a dispute between an entire band and the company that originally produced, recorded and marketed the band's first album, Bell et al. versus Streetwise Records, et al. 640 F.Supp. 575. On remand, the District Court ruled the name "New Edition" belonged to the band because the individual performers' style and personality were the qualities the New Edition mark identified. Similarly, I find that the defendants themselves are the product that is denoted by the mark EXPOSE'.

Finally, although plaintiffs spent the bulk of their

case in chief, as well as their trial brief, attempting to establish ownership, the Eleventh Circuit has stated "the touchstone of liability in a trademark infringement action is not simply whether there is unauthorized use of a protected mark, but whether such use is likely to cause customer confusion," Custom Manufacturing and Engineering, Inc., 508 F.3d 641, Eleventh Circuit, 2007.

Crystal has not presented any evidence the defendants' use of the name EXPOSE' would cause public confusion. From 1986 to today, only the defendants have ever performed as EXPOSE'. Kelly Money-Maker, who performed on a third album, performed with two of the members only when one member became ill. In the past twenty plus years, Crystal has never put together a different group to go out and perform as EXPOSE'. Mr. Garcia even admitted during his testimony that he could not get a different group of girls to go out and perform as EXPOSE'.

Based on the tour schedule entered into evidence, it is clear that a member of the public purchasing tickets to an EXPOSE' concert is expecting to see these three defendants.

Plaintiffs contend that I should not award the exclusive use of the name EXPOSE' to the defendants because they have not requested it. However, the public's interest is best served by exclusively awarding the name to the defendants. To do otherwise would leave the name available to anyone who

wanted to perform under the name EXPOSE', and cause unnecessary consumer confusion.

I find the defendants' application for registration of the EXPOSE' mark should be allowed to proceed, and that plaintiffs are enjoined from further use of the name with the exception of its receipt of royalties from the master recordings which have been previously established.

Because Crystal hasn't proven it owns the EXPOSE' mark, I find in favor of the defendants on Count 1, Trademark Infringement; 2, Anticybersquatting; 3, the Florida Deceptive and Unfair Trade Practices Act; and 5, the Constructive Trust.

Now, as to the anticybersquatting claim, Crystal has to prove they own the EXPOSE' mark; that the mark is a distinctive or famous mark entitled to protection and defendant domain names are identical or confusingly similar, which I have already described why that doesn't occur in my previous discussion.

The defendants registered the domain name with bad faith intent to profit from it also goes to the anticybersquatting, which I don't find that they did that.

In Count 3; the Florida Deceptive and Unfair Trade Practices Act, they failed to establish a likelihood of confusion as to the trademark claim as described in Florida law. See Custom Manufacturing, 508 F.3d 641, Eleventh Circuit, 2007 for a discussion of that.

As to Count 5, the Constructive Trust, Crystal must show a confidential relationship by which one acquires an advantage he should not in equity and good conscience retain.

Although the parties have occasionally entered into agreements with regard to the ownership of the mark, I do not believe that these agreements can be used to determine use of the EXPOSE' mark. In balancing the public interest against confusion against the interest in enforcing contracts, I find that the confusion that would result outweighs the parties' contractual agreements.

Therefore, I find in favor of the defendants on Counts 1, 2, 3 and 5.

As to Count 4, Breach of Contract, I find in favor of the plaintiff Crystal. Crystal must show, one, the existence of a contract; two, breach of contract; and, three, damages from the breach.

I find in favor of plaintiff Crystal Entertainment and Filmworks on its breach of contract claim, the only company listed as a party to that agreement. The 2006 TLA has been entered into evidence, and it clearly establishes that defendants agree to pay the plaintiffs ten percent of the gross from any live appearances and merchandising.

Under its terms, the TLA expired on July 31, 2007, unless the defendants procured at least five bona fide performances; notified the company of these performances; and

were otherwise in compliance with the terms of the TLA.

If these terms were met, the agreement automatically extended to December 31, 2007. Plaintiffs stated the agreement expired on December 31, 2007. I am granting judgment in favor of Crystal Entertainment and Filmworks as to Count 4 of the complaint.

The defendants are instructed to pay plaintiffs' damages amounting to ten percent of the gross compensation they received from appearances and merchandising up to and including December 31, 2007.

I find that the defendants' counter claims for rescission, however, must be denied because they failed to prove by a preponderance of the evidence sufficient grounds for rescission.

So, judgment shall be entered in favor of the defendants as to all counts except the breach of contract claim, which will be entered in favor of the plaintiff.

Thank you very much, counsel. If you need a copy of the transcript from Robin, please see her and make arrangements.

MR. KAIN: Thank you.

MR. NOBLE: Your Honor, Lawrence Noble, thank you very much.

[Proceedings recessed at 3:15 p.m.]

C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription of proceedings in the above-entitled matter.

/S/ ROBIN M. DISPENZIERI

______________ ______________________________________

DATE FILED

ROBIN M. DISPENZIERI, RPR-CP
Official Federal Court Reporter
United States District Court
400 No. Miami Avenue, Ste. 11-2 Floor
Miami, FL 33128 - 305/523-5158
Email: robinc1127@aol.com

A

**above-entitled** 12:3
**accurate** 12:2
**acknowledge** 5:18
**acquires** 10:2
**act** 5:9 9:11,22
**action** 8:3
**active** 6:24
**actual** 4:17
**admit** 4:12
**admitted** 8:15
**adopter** 4:22
**adoption** 4:20
**advantage** 10:3
**Advertising** 4:3
**agree** 4:5 10:21
**agreement** 10:19 11:2,3
**agreements** 5:18,21 10:5,6,10
**Akerman** 2:1
**al** 1:4,7,18 3:6 7:18,19
**album** 4:23 5:1,5 7:18 8:11
**albums** 5:12,22
**allowed** 9:4
**amounting** 11:8
**Ann** 4:24 5:3,6
**anticybersquatting** 9:10,12,20
**apart** 6:6,9
**appeal** 3:21
**appear** 3:10
**appearances** 1:13 6:21 10:22 11:9
**Appearing** 3:1,5
**appellate** 3:24
**application** 7:6 9:3
**appropriate** 4:21
**appropriated** 4:17
**Appx** 6:3
**arrangements** 6:18 11:20
**arrival** 3:13
**Arts** 6:3
**assigned** 6:6
**associate** 6:2
**associated** 6:8,10
**Associates** 1:15,24
**Association** 4:3
**attempting** 8:1
**Attorneys** 1:15
**automatically** 11:2
**available** 8:25
**Avenue** 1:16,18 2:2,5 12:9
**award** 8:21
**awarding** 8:24

B

**back** 3:11,13
**bad** 9:18
**balancing** 10:7
**band** 4:25 6:10,13,15 7:16,17,20
**band's** 7:18
**based** 3:18 4:14 5:13 7:11 8:18
**behalf** 3:1,5
**believe** 3:8 10:6
**Bell** 7:18
**belonged** 7:20
**bench** 3:18 4:9
**best** 8:24
**bona** 10:24
**breach** 10:13,15,16,18 11:16
**brief** 8:1
**bring** 3:14
**Bruno** 3:8 4:25 5:13
**Bruno's** 5:9
**bulk** 7:25
**business** 6:7,9

C

**C** 12:1,1
**CA** 1:25
**California** 3:12,14
**Calloway** 6:3
**case** 1:3 3:23 4:9 5:7 6:13,15,19 7:15,15 8:1
**cause** 8:5,9 9:1
**certify** 12:2
**changed** 6:15
**Chenkin** 1:20
**chief** 8:1
**chose** 6:17
**Circuit** 4:19 6:4,13 8:2,7 9:24
**cite** 4:15
**citing** 4:17
**claim** 4:1,13 9:12,23 10:18 11:17
**claims** 11:11
**clear** 8:19
**clearly** 10:20
**collecting** 7:13
**commerce** 4:17 5:17
**common** 4:14,16 5:15
**company** 5:25 6:3 7:17 10:18,25
**compensation** 11:8
**Competition** 4:4
**complaint** 11:6
**compliance** 11:1
**concerning** 7:5
**concert** 8:20
**conclusion** 3:18
**conclusions** 4:15
**confidential** 10:2
**confuse** 4:8
**confusingly** 9:15
**confusion** 8:6,9 9:2,23 10:8,9
**conscience** 10:3
**consistent** 6:22
**Constructive** 9:11 10:1
**consumer** 9:2
**contains** 4:24
**contend** 8:21
**contends** 5:25
**continually** 6:15
**contract** 10:13,15,15,18 11:16
**contracts** 6:17 10:8
**contractual** 10:10
**contrast** 6:19
**control** 6:23
**COOKE** 1:11
**copy** 3:22 11:18
**counsel** 11:18
**count** 3:25 4:2 9:9,21 10:1,13 11:5
**counter** 4:1 11:11
**counts** 10:11 11:16
**Court** 1:1 2:4,5 3:1,5,11,16 7:19 12:8,8
**Creative** 6:3
**credibility** 7:2
**Crystal** 1:4 3:1 4:5 7:3 8:8,13 9:8 9:12 10:1,14,14,17 11:5
**Crystal's** 5:19
**Curless** 4:24 5:3,6,13
**Custom** 8:6 9:24
**customer** 8:5
**customers** 4:8

D

**damages** 10:15 11:8
**Dania** 1:21
**DARREN** 1:17
**DATE** 12:7
**DAY** 1:12
**December** 11:3,4,10
**Deceptive** 9:10,21
**deciding** 4:9
**decision** 3:20
**decisions** 3:17
**defendant** 1:22 5:7 9:14
**defendants** 1:9 3:5 4:7,24 5:2,11 5:13,14,18,20 6:24 7:14,23 8:8 8:10,20,22,24 9:3,9,18 10:11,21 10:24 11:7,11,16
**defendant's** 7:11
**denied** 11:12
**denoted** 7:23
**described** 9:16,23
**Designation** 4:3
**designed** 6:2
**determine** 10:6
**different** 8:14,16
**discretion** 5:11
**discussion** 9:17,25
**DISPENZIERI** 2:4 12:6,7
**dispute** 6:13 7:16
**distinctive** 9:14
**distinguish** 4:21
**District** 1:1,1,12 2:5 7:19 12:8
**DIVISION** 1:2
**doesn't** 9:16
**domain** 9:15,18
**don't** 3:12 5:1 9:20
**Drifters** 6:14
**Drifter's** 6:14
**Drive** 1:24
**duty** 7:1

E

**E** 12:1,1
**Edition** 7:16,20,22
**either** 3:21
**Eleventh** 4:19 8:2,7 9:24
**Email** 2:6 12:10
**enforceable** 4:6
**enforcing** 10:8
**Engineering** 8:6
**enjoined** 9:5
**entered** 7:14 8:18 10:4,20 11:15,17
**Entertainment** 1:4 3:2 10:17 11:5
**entire** 7:16
**entitled** 9:14
**equity** 10:3
**ESQ** 1:15,17,20,23 2:1
**establish** 3:23 5:15,17 8:2 9:22
**established** 4:11,19 9:7
**establishes** 10:20
**et** 1:4,7,18 3:6 7:18,19
**evidence** 5:8,13 6:23 8:8,18 10:20 11:13
**examined** 4:14
**exception** 6:20 9:6
**exclusive** 8:22
**exclusively** 8:24
**exercised** 6:23
**existence** 10:14
**expecting** 8:20
**expired** 10:23 11:4
**Expose** 4:12,23,23,25 5:1,3,5,14 5:19,22 6:2,10 7:6,9,12,24 8:9 8:11,14,17,20,22 9:1,4,8,13 10:7
**extended** 11:3

F

**F** 12:1
**fact** 3:17 4:10,11 7:1
**failed** 9:22 11:12
**faith** 9:19
**False** 4:2,3,3
**famous** 9:14
**favor** 9:9 10:11,13,17 11:4,15,17
**feature** 5:12
**Fed** 6:3
**Federal** 2:4 12:8
**fide** 10:24
**FILED** 12:7
**Filmworks** 1:4 3:2 10:18 11:5
**Finally** 7:25
**find** 4:4,11 5:21 6:9 7:11,22 9:3,9 9:20 10:8,11,13,17 11:11
**finder** 4:10,10 7:1
**findings** 3:17
**first** 4:2,23 7:18
**five** 10:24
**FL** 1:16,19,21 2:2,6 12:9
**Fleit** 1:18
**Floor** 12:9
**Florida** 1:1,7 9:10,21,23
**follows** 4:4
**foregoing** 12:2
**former** 6:13,14,16
**Fort** 1:16,19
**further** 9:5
**Furthermore** 5:24
**F.Supp** 7:19
**F.3d** 4:18 8:7 9:24

G

**G** 1:11
**Garcia** 3:4 5:25 7:3 8:15
**Garcia's** 7:4
**Gibbons** 1:18
**Gibbs** 2:1 3:7,7
**Gioia** 3:7 4:25 5:3
**girls** 8:16
**given** 7:3,9
**go** 3:25 8:14,16
**goes** 9:19
**going** 3:20,25
**good** 10:3
**goods** 4:21
**goodwill** 5:24 6:5,6,7,10
**granting** 11:4
**Griffin** 1:21
**gross** 6:9 10:21 11:8
**grounds** 11:13
**group** 5:10 6:1,20 7:7 8:14,16
**group's** 6:16,25
**Gutman** 1:18

H

**hasn't** 9:8
**heavily** 6:12
**held** 3:18
**Honor** 3:3,7,9,15 11:22
**HONORABLE** 1:11
**hope** 3:15
**HOWARD** 1:20

I

**identical** 9:15
**identified** 7:22
**identify** 4:21 5:22
**II** 7:3
**includes** 5:2
**including** 7:5 11:9
**inconsistencies** 7:4
**individual** 7:21
**inform** 3:17
**infringement** 4:2 8:3 9:10
**inseparable** 6:7
**instructed** 11:7
**intent** 9:19
**interest** 8:23 10:7,8
**involved** 7:16
**involvement** 7:8,12
**involves** 6:19
**involving** 6:13 7:15
**Ismael** 3:4 7:3
**issues** 7:5

J

**Jeanette** 1:7 3:6 4:24 5:3,5
**Jon** 2:1 3:7
**JR** 1:15
**judge** 1:12 7:1
**judgment** 11:4,15
**July** 10:23
**Jurado** 1:7 3:6 4:24 5:4,6,13

K

**Kahn** 1:20,20
**Kain** 1:15,15,18 3:3,3 11:21
**Kelly** 5:6,8 6:21 8:11
**key** 7:5
**know** 3:12 5:2

L

**Lauderdale** 1:16,19
**law** 1:15 3:18 4:10,14,16,16 5:15 6:1 9:24
**Lawrence** 1:23 3:8 11:22
**leave** 8:25
**Let's** 3:15
**liability** 8:3
**likelihood** 9:22
**likened** 7:15
**limited** 7:12
**listed** 10:19
**live** 10:22
**LLC** 6:3

M

**M** 2:4 12:6,7
**major** 7:2
**management** 7:8
**manager** 6:15,16
**Manufacturing** 8:6 9:24
**MARCIA** 1:11
**mark** 4:6,13,22 5:14,15 7:22,24 8:5 9:4,9,13,13,14 10:5,7
**marked** 4:21
**marketed** 7:18
**Marshak** 6:12
**master** 9:6
**matter** 3:25 4:10 12:3
**member** 6:14 8:12,19
**members** 6:11,15,20 8:12
**membership** 6:20
**merchandising** 10:22 11:9
**merely** 6:5

**met** 11:2
**Miami** 1:2,7 2:5,6 12:9,9
**mind** 4:22
**money** 7:13
**Money-Maker** 5:6,8 8:11
**Money-Maker's** 5:10 6:21
**Motion** 4:18
**music** 5:16 6:18

**N**

**name** 4:7 6:1,10 7:20 8:9,22,24,25 9:1,5,18
**named** 5:6
**names** 9:15
**need** 11:18
**needs** 4:6
**negotiated** 6:17
**never** 4:13 8:13
**New** 7:16,20,22
**Noble** 1:23,24 3:8,9,14,15 11:22,22
**NONJURY** 1:11
**notified** 10:25

**O**

**occasional** 6:21
**occasionally** 10:4
**occur** 9:16
**Official** 2:4 12:8
**ongoing** 6:9 7:8
**Orange** 2:2
**order** 3:23 4:5
**Origin** 4:3
**originally** 7:17
**Orlando** 2:2
**outweighs** 10:9
**owners** 5:15
**ownership** 4:13,16,19 5:19 8:2 10:5
**owns** 9:8

**P**

**Pantera** 5:25
**Pantera's** 5:18
**parties** 3:17 4:5 10:4,9
**Partridge** 1:24
**party** 3:21 10:19
**pay** 10:21 11:7
**percent** 10:21 11:8
**perform** 8:14,16 9:1
**performance** 5:10
**performances** 5:22 6:17,25 10:25 10:25
**performed** 8:10,11,12
**performers** 7:21
**permitting** 3:10
**personality** 7:21
**photos** 4:24 5:12
**pictures** 5:2
**plaintiff** 1:5,14 10:14,17 11:17
**plaintiffs** 3:2 4:11,12,15 5:7,16,23 6:12,22 7:25 8:21 9:5 10:21 11:3 11:7
**plaintiff's** 7:2,12
**Planetary** 4:18
**please** 3:21 11:19
**plus** 8:13
**Practices** 9:11,22
**preponderance** 11:13
**present** 5:8
**presented** 6:23 8:8
**President** 3:4 7:3
**previous** 9:16
**previously** 9:7
**primarily** 5:16
**prior** 4:17
**probably** 3:11
**proceed** 9:4
**proceedings** 1:11 11:24 12:3
**procured** 10:24
**produced** 7:17
**product** 7:23
**profit** 9:19
**proposed** 4:15
**protect** 6:2
**protected** 8:4
**protection** 9:14
**prove** 9:13 11:13
**proven** 9:8
**public** 4:20,22 5:22 6:1 8:9,19 10:7
**publicly** 5:14
**public's** 8:23
**purchase** 3:22
**purchasing** 8:19
**put** 8:13
**P.L** 1:20
**p.m** 1:8 11:24

**Q**

**qualities** 7:21

**R**

**R** 12:1
**rain** 3:13
**read** 3:20
**receipt** 5:16 9:6
**received** 5:20 11:9
**recessed** 11:24
**record** 3:21
**recorded** 7:17
**recording** 6:17
**recordings** 9:7
**records** 7:13,19
**regard** 10:5
**registered** 4:13 9:18
**registration** 9:3
**relationship** 7:7 10:2
**rely** 5:16 6:12
**remand** 7:19
**replacement** 5:9
**REPORTED** 2:3
**Reporter** 2:4 12:8
**requested** 8:23
**rescission** 11:12,14
**Resnik** 1:20
**result** 10:9
**retain** 10:3
**right** 3:3 4:6
**rights** 3:24 4:16 6:8
**Road** 1:21
**Robert** 1:15 3:3
**Robin** 2:4 3:21 11:19 12:6,7
**robinc1127@aol.com** 2:6 12:10
**role** 6:24
**royalties** 5:17,20 7:13 9:6
**RPR** 2:4
**RPR-CP** 12:7
**ruled** 7:20

**S**

**S** 2:2 12:6
**sale** 7:13
**schedule** 8:18
**scheduled** 6:16
**scheduling** 6:24
**SE** 1:16,18
**seated** 3:16
**second** 4:7 5:1 6:4
**see** 3:21 6:3 8:20 9:24 11:19
**segment** 4:22
**selected** 5:8
**Senterfitt** 2:1
**serve** 3:22
**served** 5:7 8:24
**show** 4:6 10:2,14
**showing** 4:20
**similar** 9:15
**Similarly** 7:22
**simply** 8:4
**sold** 6:6
**sole** 5:10
**SOUTHERN** 1:1
**spent** 7:25
**SPIELMAN** 1:17
**stated** 8:2 11:3
**statement** 5:3
**states** 1:1,12 2:5 5:5 12:8
**Ste** 2:5 12:9
**Streetwise** 7:18
**style** 7:21
**succeed** 4:5
**sufficient** 11:13
**sufficiently** 4:19,20 5:21
**Suite** 1:16,18,21,24 2:2
**sun** 3:14
**sunny** 3:12
**symbol** 5:24 6:5
**symbolizes** 6:6

**T**

**T** 12:1,1
**taken** 6:24
**Techsplosion** 4:18
**telephone** 3:8,9,10
**ten** 10:21 11:8
**terms** 10:23 11:1,2
**testimony** 7:4,9,11 8:15
**thank** 3:9 11:18,21,22
**third** 1:16 5:5 6:13 8:11
**three** 7:8 8:20 10:15
**tickets** 8:19
**TLA** 5:9 10:19,23 11:1
**TLAs** 7:14
**today** 3:16 8:10
**touchstone** 8:3
**tour** 8:18
**Trade** 9:11,21
**trademark** 4:2,12,16 5:19,24 6:1,5 6:8 7:6 8:3 9:9,23
**transcript** 1:11 3:22 11:19
**transcription** 12:3
**transferred** 6:8
**Treadwell** 6:12
**trial** 1:11 3:18 4:9 7:4 8:1
**Trust** 9:11 10:1
**TUESDAY** 1:8
**twenty** 8:13
**two** 4:8 7:7 8:12 10:15

**U**

**unauthorized** 4:7 8:4
**underlying** 6:7
**understand** 3:11
**Unfair** 4:4 9:11,21
**United** 1:1,12 2:5 12:8
**unnecessary** 9:1
**use** 3:23 4:7,17,20 5:14,17 8:4,5,9 8:22 9:5 10:6

**V**

**Ventura** 1:25
**versus** 4:18 6:12 7:18
**vs** 1:6

**W**

**wanted** 9:1
**way** 4:20
**week** 3:19
**weight** 7:9
**we've** 3:13
**wife** 6:14
**wishes** 3:21
**witness** 7:2
**witnesses** 7:2,10
**written** 3:22 5:21

**Y**

**years** 6:22 8:13
**you're** 3:11

**0**

**08-60125-CIV-MGC** 1:3

**1**

**1** 4:2 9:9 10:12
**100** 1:18
**1001** 1:24
**11-2** 2:5 12:9
**1188** 4:18
**1200** 2:2
**16** 6:3
**1815** 1:21
**1953** 6:16
**1967** 6:16
**1986** 4:23 5:14 8:10
**1989** 5:1
**1992** 5:5

**2**

**2** 9:10 10:12
**20** 6:22
**2001** 4:19
**2002** 5:12 6:4
**2005** 5:12
**2006** 5:9 10:19
**2007** 8:7 9:25 10:23 11:3,4,10
**2009** 1:8
**205** 1:16
**207** 1:21
**26** 1:8
**261** 4:18

**3**

**3** 9:10,21 10:12
**3rd** 1:18
**3:00** 1:8
**3:15** 11:24
**300** 1:24
**305/523-5158** 2:6 12:9
**31** 10:23 11:3,4,10
**32801** 2:2
**33004** 1:21
**33128** 2:6 12:9
**33316** 1:16,19

**4**

**4** 1:12 10:13 11:5
**400** 2:5 12:9
**407/423-4000** 2:2
**420** 2:2
**48** 6:3

**5**

**5** 9:11 10:1,12
**508** 8:6 9:24
**575** 7:19

**6**

**640** 7:19
**641** 8:7 9:24

**7**

**7A** 4:15
**750** 1:18

**8**

**805/658-6266** 1:25

**9**

**900** 1:16
**93003** 1:25
**954/321-0176** 1:21
**954/768-9002** 1:16,19